UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

        Petitioner,

   v.                                 CAUSE NO. 3:20-CV-226-DRL-MGG

WARDEN,

        Respondent.

## OPINION & ORDER

Keith Cleveland, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his convictions for armed robbery and pointing a firearm under Case No. 45G04-1711-F3-49. Following a trial, on April 20, 2018, the Lake Superior Court sentenced him to nineteen years of incarceration. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Further, "[a] petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

Upon review of the amended petition, it appears that Mr. Cleveland asserts two different types of procedurally deficient claims. First, Mr. Cleveland asserts ineffective assistance of trial counsel claims that he may yet still raise in state court through a post-conviction petition. *See* Ind. R. Post-Conviction Relief 1; *Allen v. State*, 791 N.E.2d 748, 755 (Ind. App. 2003) ("Our supreme court has held that ineffective assistance of counsel questions, if not raised on direct appeal, may be presented at post-conviction relief proceedings."). Because he may still raise these claims in state court, they are unexhausted. Mr. Cleveland may not proceed with them in federal court.

Second, Mr. Cleveland asserts claims that he could have but did not raise on direct appeal and are thus procedurally defaulted. He contends that the court should excuse the procedural default because he received ineffective assistance of counsel. Federal courts may consider procedurally defaulted claims if the petitioner demonstrates "cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result if we do not consider the merits of his case." *Anderson v. Benik* 471 F.3d 811, 815 (7th Cir. 2006). Ineffective assistance of counsel at trial or on direct appeal may constitute cause, but "a claim of ineffective assistance [must] be presented to the state courts as an independent

claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986). In other words, for Mr. Cleveland to assert ineffective assistance of counsel as a basis to excuse procedural default in this court, he must first present that assertion as a claim during post-conviction proceedings in state court. Because Mr. Cleveland has not presented his ineffective assistance of counsel argument as an independent claim at each level in state court, he may not proceed with these claims in federal court.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to accrue at the conclusion of the direct appeal process on August 21, 2019. *See* 28 U.S.C. § 2244(d)(1)(A); S. Ct. R. 13.1 (petition for writ of certiorari must be filed within 90 days of decision by State court of last resort). Because a newly filed habeas petition would be untimely, a stay may be appropriate for this case.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* "Even

where stay and abeyance are appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Id.* "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id.* The court observes that Mr. Cleveland initiated this case eight months ago and that the delay in reviewing the habeas petition likely contributed to his present inability to file another habeas petition within the statute of limitations. Further, on this limited record, the court cannot conclude that each claim in the habeas petition is plainly meritless. Therefore, the court will stay this case pending the exhaustion of state court remedies and will set appropriate deadlines.

As a final matter, Mr. Cleveland has filed a motion to suppress evidence introduced at his state criminal trial. Though Mr. Cleveland may be able to challenge the prosecution's use of evidence at his state criminal trial in this case, he cannot do so through a motion to suppress because this case is not itself a criminal case that will culminate in a trial. *See* Fed. R. Crim P. 12(b)(3)(C) (motions to suppress must be filed before a criminal trial).

For these reasons, the court:

(1) DENIES the motions to suppress (ECF 31, ECF 32).

(2) STAYS this case pending the exhaustion of State court remedies;

(3) GRANTS Keith Cleveland until January 9, 2021 to notify the court that he has initiated post-conviction proceedings in state court;

(4) GRANTS Keith Cleveland until thirty days after the conclusion of his post-conviction proceedings in state court, including appeals, to notify the court that those proceedings have concluded; and

(5) CAUTIONS Keith Cleveland that, if he does not comply with those deadlines, this case may be dismissed without further notice for failure to exhaust state court remedies or untimeliness.

SO ORDERED.

November 23, 2020        *s/ Damon R. Leichty*
                         Judge, United States District Court